

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,248-01

### EX PARTE GEORGIA LEE JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W09-71128-M(A) IN THE 194TH DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of injury to a child and sentenced to sixteen years' imprisonment. The Fifth Court of Appeals modified the judgment and affirmed her conviction. *Jones v. State*, No. 05-13-00402-CR (Tex. App.—Dallas Mar. 26, 2014) (not designated for publication).

Applicant contends, among other things, that appellate counsel failed to send her timely notice of the court of appeals's decision and that, as a result, she was denied the opportunity to file a *pro se* petition for discretionary review (PDR). The trial court made findings of fact and

conclusions of law and recommended that we grant Applicant an out-of-time PDR.

On July 29, 2015, we remanded this application and directed the trial court to order appellate counsel to respond to Applicant's claim. There was not a response from counsel in the record, we explained, and counsel should ordinarily be given an opportunity to respond. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).

On remand, the trial court adopted the State's proposed findings and conclusions, which recommended that we grant Applicant an out-of-time PDR. However, nothing in the supplemental record indicates that appellate counsel responded to Applicant's claim.

Applicant has alleged facts that, if true, might entitle her to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Wilson*, 956 S.W.2d 25 (Tex. Crim. App. 1997). In these circumstances, additional facts are needed. Pursuant to *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order appellate counsel to respond to Applicant's claim that she failed to send timely notice of the court of appeals's decision. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent her at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make further findings and conclusions as to whether appellate counsel timely informed Applicant that her conviction had been affirmed and that she had a right to file a *pro se* PDR. If appellate counsel refuses to respond to Applicant's claim, the trial court shall note this in its supplemental findings and conclusions. The trial court shall also make any other findings and

conclusions that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: October 14, 2015
Do not publish